RECEIVED
2005 NOV 23 A 9:25
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT OF THE MIDDLE DISTRICT OF ALABAMA

GARRETT LEON GAINES,
  Plaintiff,

v.

GWENDOLYN MOSLEY et al
  Respondent,

2:05CV1124-F
CIVIL ACTION NO ___

## MOTION FOR PRELIMINARY INJUNCTION

Comes now, Garrett Gaines, in the above cause and cause for the following reasons:

1) Plaintiff constitutional rights have been clearly violated.

2) Plaintiff has been maliciously assaulted in the past by assaulting D.O.C. officials (see civil action No. 2:04-CV-7635-T; still pending) and have become subject to a continuous cruel and unusual treatment, mentally and emotionally. This is going second incident where he has been sadistically battered by officers while in restraints (see exhibit A through G).

3) Gaines has been held in

Correctional closed custody since February 14th, 2003 institutions where he has been subject to harassment, repeated write-ups, and now another incident of officers maliciously assaulting him. In which reporting the incidents to the wardens has only been met with cover up and silence.

## LAW AND ARGUMENT

1.) Plaintiff is due for a preliminary injunction because he has shown his case to have strong likelihood on successful merits. That he has been subjected to continuous physical, mental, and emotional hardship and may suffer so in the future. Mayweather v. Newland 258 F.3d at 938 (9th Cir. 2001).

2.) It is obvious due to Gaines continuous litigation and the speaking out of his witness that he, and this will continue to be subjected to this administration illegal acts. Lewis v. Casey, 518 U.S. 343 (1996)

(2)

3.) Goings and his fellow inmates in segregation has been held indefinitely in lock-up as a form of punishment, and retaliation practiced by this administration upon inmates who have gotten on it's bad side. Therefore it's crucial that this honorable court grant a injunction from such malicious treatment. Administrational policies and practices infringes on plaintiff's right not to be subjected to cruel and unusual punishment. Turner v. Safley, 482 U.S. 78, 80-90, 107 S. Ct. 2254, 96 L.Ed.2d 64 (1987)

## CONCLUSION

Plaintiff and his witnesses should be removed from this institution and this administration ordered to refrain from taking inmates out of their cells and maliciously beatened. Also that this administration should refrain from holding inmates in segregation indefinitely as a form of punishment.

(3)

DONE THIS 17TH DAY OF NOVEMBER 2005.

Respectfully Submitted,

*Garrett Grimes*

GARRETT GRIMES