IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GARRETT LEON GAINES, (AIS # 173280),

Plaintiff, *

V. * 2:05-CV-1124-f

GWENDOLYN MOSELY, ET AL. *

Defendant. *

**SPECIAL REPORT OF DEFENDANT**

COMES NOW the defendant, Shelley Smothers, L.P.N. (who is named in the plaintiff's Complaint as "Nurse Smothers") and, in response to this Honorable Court's Order of December 9, 2005, presents the following Special Report with regard to this matter:

## I. INTRODUCTION

The Plaintiff, Garrett Leon Gaines (AIS# 173280), is an inmate who has been confined at Easterling Correctional Facility located in Clio, Alabama, since October 12, 2001. On March 23, 2005, Gaines filed a Complaint against Nurse Shelley Smothers, a licensed practical nurse at Easterling, alleging that she has denied him adequate access to medical treatment and in doing so has violated his constitutional rights. (See Complaint). Plaintiff Gaines specifically contends that Nurse Smothers failed to allow him access to the infirmary at Easterling following an alleged altercation with an Alabama Department of Corrections Officer on November 1, 2005. (See Complaint).

As directed, Nurse Smothers has undertaken a review of plaintiff Gaines' claims to determine the facts and circumstances relevant thereto. At this time, Nurse Smothers is submitting this Special Report, which is supported by a Certified Copy of Plaintiff Gaines' medical records (attached hereto as Exhibit "A") and the Affidavit of Shelley Smothers, L.P.N. (attached hereto as Exhibit "B"). These evidentiary materials demonstrate that plaintiff Gaines has been provided appropriate medical treatment at all times, and that the allegations in his Complaint are false and without merit.

## II. NARRATIVE SUMMARY OF FACTS

Garrett Leon Gaines (AIS# 173280) is an inmate who is currently incarcerated at Easterling Correctional Facility. (See Exhibit "A"). Mr. Gaines has been seen and evaluated by the medical and nursing staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at Easterling. (See Exhibits "A" and "B").

On November 1, 2005, Nurse Smothers was performing duties as a third shift pill call nurse at Easterling.[1] (See Exhibit "B"). As part of her responsibilities in this capacity, Nurse Smothers provided medication to inmates housed in segregation dorm # 5. (Id.) On this date, Nurse Smothers began providing inmates their respective medications at approximately 2:45 a.m. (Id.) As Nurse Smothers was making her rounds, Mr. Gaines yelled at her in efforts to gather her attention. (Id.) Nurse Smothers subsequently visited Mr. Gaines' cell and spoke with him. (Id.)

Mr. Gaines claimed to have been in an altercation with Alabama Department of Corrections Officers while in segregation and claimed to have sustained injuries to his right forehead and lip. (Id.) From Nurse Smother's observation, she was unable to

[1] The third shift begins at 10:30 p.m. and ends at 7:00 a.m.

ascertain any injury to his right forehead, but did note that he had a small abrasion on his upper inner lip. (Id.) Mr. Gaines asked to be evaluated in the infirmary for this injury. (Id.)

Pursuant to Department of Alabama Corrections' Protocol, Nurse Smothers contacted the third shift dorm supervisor, Sergeant Bryant, and told him that Mr. Gaines had requested to be escorted from his segregation cell to the infirmary. (Id.) Since Mr. Gaines was in segregated confinement, he had to be escorted to the infirmary by a guard. (Id.)

At approximately 3:30 a.m. Nurse Smothers again spoke with Sergeant Bryant who informed her that Mr. Gaines refused to be escorted to the infirmary for evaluation. (Id.) Mr. Gaines was evaluated later that morning at 8:15 a.m. and was noted to be absent of injury. (Id.) He was afforded Tylenol for a headache. (Id.)

All of Gaines' medical conditions and complaints have been evaluated and treated in a timely and appropriate fashion at Easterling Correctional Facility. (See Exhibits "A" and "B"). At all times, the defendant and the other healthcare providers at Easterling have exercised the same degree of care, skill, and diligence as other similarly situated health care providers would have exercised under the same or similar circumstances. (Id.) In other words, the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to Gaines. (Id.) At no time has Nurse Smothers or any of the medical or nursing staff at Easterling Correctional Facility denied Gaines any needed medical treatment, nor have they ever acted with deliberate indifference to any serious medical need of Gaines. (Id.) At all times, the Plaintiff's

known medical complaints and conditions have been addressed as promptly as possible under the circumstances. (Id.)

## III. DEFENSES

The defendant asserts the following defenses to the Plaintiff's claims:

1. The defendant denies each and every material allegation contained in the plaintiff's Complaint and demands strict proof thereof.

2. The defendant pleads not guilty to the charges in the plaintiff's Complaint.

3. The plaintiff's Complaint fails to state a claim against the defendant for which relief can be granted.

4. The defendant affirmatively denies any and all alleged claims by the Plaintiff.

5. The plaintiff is not entitled to any relief requested in the Complaint.

6. The defendant pleads the defense of qualified immunity and avers that the actions taken by her were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the plaintiff.

7. The defendant is entitled to qualified immunity and it is clear from the face of the Complaint that the plaintiff has not alleged specific facts indicating that the defendant has violated any clearly established constitutional right.

8. The defendant cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

9. The plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10. The allegations contained in the plaintiff's Complaint against the defendant, sued in her individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11. The defendant pleads all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12. The defendant avers that she was at all times acting under color of state law and, therefore, she is entitled to substantive immunity under the law of the State of Alabama.

13. The defendant pleads the general issue.

14. This Court lacks subject matter jurisdiction due to the fact that even if the plaintiff's allegations should be proven, the allegations against the defendant would amount to mere negligence which is not recognized as a deprivation of the plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15. The plaintiff's claims against the defendant in her official capacity are barred by the Eleventh Amendment to the United States Constitution.

16. Alabama law provides tort and other remedies for the allegations made by the plaintiff herein and such remedies are constitutionally adequate.

17. The defendant pleads the defense that at all times in accessing the plaintiff she exercised the same degree of care, skill, and diligence as other health care providers would have exercised under similar circumstances, and that at no time did she act towards the plaintiff with deliberate indifference to any serious medical need.

18. The defendant pleads the affirmative defense that the plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render her liable to the plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19. The defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

20. The defendant pleads the affirmative defense that plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21. The defendant pleads the affirmative defense that she is not responsible for the policies and procedures of the Alabama Department of Corrections.

22. The defendant pleads the affirmative defense that the plaintiff has failed to mitigate his own damages.

23. The defendant pleads the affirmative defense that she is not guilty of any conduct which would justify the imposition of punitive damages against her and that any such award would violate the United States Constitution.

24. The defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25. The plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendant' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26. The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the defendant who is entitled to immunity.

27. The plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28. The plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

29. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the defendant who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30. The defendant asserts that the plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to 42 U.S.C. § 1988 to award the defendant reasonable attorney's fees and costs incurred in the defense of this case.

## IV. ARGUMENT

In an effort to defeat baseless claims at the earliest possible opportunity, our Circuit requires that a plaintiff in a civil rights action allege with necessary specificity facts which demonstrate a claim. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998). This requirement is in place so that a defendant can file

an appropriate responsive pleading. Anderson v. District Bd. of Trustees of Cent. Florida Community College, 777 F.3d 364, 366 (11th Cir. 1996). Gaines does not meet this heightened pleading responsibility, and for that reason his Complaint is subject to dismissal.

In order to state a cognizable claim under the Eighth Amendment, Gaines must allege acts or omissions sufficiently harmful to evidence deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 49 L. Ed. 2d 859 (1976); McElligott v. Foley, 182 F. 3d 1248, 1254 (11th Cir. 1999); Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176 (11th Cir. 1994); Palermo v. Correctional Medical Services, 133 F. Supp. 2d 1348 (S.D. Fla. 2001). In order to prevail, Gaines must allege and prove that he suffered from a serious medical need, that the defendant was deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, Alabama, 225 F. 3d 1243, 1255 (11th Cir. 2000) and Palermo, supra.

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Further, neither an alleged inadvertent failure to provide adequate medical care nor a physician's alleged negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is in prison. See Estelle, supra, McElligott, supra, Hill, supra and Palermo, supra. Further, a mere difference of opinion between an inmate and a health care provider as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle,

supra, 429 U.S. at 106-108. The defendant may only be liable if she had knowledge of Gaines's medical condition and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, supra, 429 U.S. at 104-105 and Hill, supra, 40 F. 3d at 1191.

Obviously, plaintiff Gaines cannot carry his burden. The evidence submitted with this Special Report clearly shows that the defendant did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. To the contrary, the evidence demonstrates that Gaines' claims are without merit, that his medical conditions have been adequately and timely addressed at all times, and that he has not been denied any necessary medical treatment. Appropriate standards of care were followed at all times. The evidence, in other words, shows without dispute that all of plaintiff Gaines' medical conditions have been thoroughly evaluated, treated, and monitored in a timely and appropriate manner. These facts clearly disprove any claim that the defendant acted intentionally or recklessly to deny treatment or care.

Even further, the defendant is entitled to qualified immunity from all claims asserted by Gaines in this action. There is no argument that the defendant is not acting within the scope of her discretionary authority. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). Because the defendant has demonstrated that she is acting within the scope of her discretionary authority, the burden shifts to Gaines to show that the defendant violated clearly established law based upon objective standards. Eubanks, supra, 40 F. 3d at 1160. The Eleventh Circuit requires that before the defendant's actions can be said to have violated clearly established constitutional rights, Gaines must show that the right

allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. Vonstein v. Brescher, 904 F. 2d 572, 579 (11th Cir. 1990) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987)). As stated by the Eleventh Circuit in Lassiter v. Alabama A & M University, 28 F. 3d 1146, 1150 (11th Cir. 1994).

> In considering whether the law applicable to certain facts is clearly established, the facts of the case relied upon as precedent are important. The facts may not be the same as the facts of immediate case. But they do need to be materially similar. Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases.

Lassiter, 28 F.3d at 1150 (citations omitted; emphasis in original).

Therefore, to defeat summary judgment, Gaines must be able to point to cases with "materially similar" facts within the Eleventh Circuit. Hasoon v. Soldenwagner, 19 F. 3d 1573, 1578 n. 6 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter, 28 F. 3d

at 1151. The defendant submits that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Gaines's constitutional rights. All Gaines's medical needs have been addressed or treated. (See Exhibits "A" and "B"). The defendant has provided Gaines with access to nurses and physicians and appropriate medical care at all times. (Id.)

Pursuant to the Court's December 9, 2005 Order, the defendant requests that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The defendant has demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material fact relating to a constitutional violation and that she is, therefore, entitled to a judgment in her favor as a matter of law. The plaintiff's submissions clearly fail to meet his required burden.

## V. CONCLUSION

The plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. Accordingly, the defendant requests that this Honorable Court either dismiss the plaintiff's Complaint, with prejudice, or enter a judgment in her favor.

Respectfully submitted,

s/L. Peyton Chapman, III
Alabama State Bar Number CHA060
s/R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for Shelley Smothers L.P.N.

RUSHTON, STAKELY,
JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270

Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: bg@rsjg.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 6th day of January, 2006, I have mailed via U.S. mail, properly addressed and first-class postage prepaid the foregoing document to the following:

Garrett Leon Gaines
AIS #173280
Easterling Correctional Facility
200 Wallace Drive
Clio, AL 36017-2613

s/R. Brett Garrett
Alabama State Bar Number GAR085