IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GARRETT LEON GAINES, (AIS # 173280),

    Plaintiff,

V.                                 2:05-CV-1124-f

GWENDOLYN MOSELY, ET AL.

    Defendants.

## AFFIDAVIT OF SHELLEY R. SMOTHERS, L.P.N.

**BEFORE ME,** Grace M. Malay a notary public in and for said County and State, personally appeared **Shelley R. Smothers, L.P.N.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of her ability, information, knowledge and belief, as follows:

"My name is Shelley R. Smothers. I am over the age of twenty-one and am personally familiar with all of the facts set forth in this Affidavit. I have been a licensed practical nurse in Alabama since 1994. I have been employed as a nurse at Easterling Correctional Facility located in Clio, Alabama, since August 2005. At all times relevant to this case, I have been employed by Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

Garrett Gaines (AIS #173280) is an inmate who has been incarcerated at Easterling Correctional Facility since October 12, 2001. I am familiar with Mr. Gaines and have been involved with the medical services provided to him at Easterling. In addition, I have reviewed Mr. Gaines' Complaint in this action as well as his medical records (certified copies of which are


EXHIBIT B

being produced to the Court along with this Affidavit). It is my understanding that Mr. Gaines has made a Complaint in this matter that I have failed to afford him access to medical treatment on November 1, 2005. The plaintiff's claims are untrue, as I have provided this inmate with appropriate care at all times.

On November 1, 2005, I was performing duties as a third shift pill call nurse at Easterling.[1] As part of my responsibilities in this capacity, I provided medication to inmates housed in segregation dorm # 5. On this date, I began providing inmates their respective medications at approximately 2:45 a.m. As I was making my rounds, Mr. Gaines yelled at me in efforts to gather my attention. I subsequently visited Mr. Gaines' cell and spoke with him.

Mr. Gaines claimed to have been in an altercation with Alabama Department of Corrections officers, while in Segregation, and claimed to have sustained injuries to his right forehead and lip. From my observation, I was unable to ascertain any injury to his right forehead, but did note that he had a small abrasion on his upper, inner lip. Mr. Gaines asked to be evaluated in the infirmary for this injury.

Pursuant to Department of Alabama Corrections' Protocol, I contacted the third shift dorm supervisor, Sergeant Bryant, and told him that Mr. Gaines had requested to be escorted from his segregation cell to the infirmary. Since Mr. Gaines was in segregated confinement, he had to be escorted to the infirmary by a guard.

At approximately 3:30 a.m. I again spoke with Sergeant Bryant who informed me that Mr. Gaines refused to be escorted to the infirmary for evaluation. Mr. Gaines was evaluated later that morning at 8:15 a.m. and was noted to be absent of injury. He was afforded Tylenol for a headache.

---

[1] The third shift begins at 10:30 p.m. and ends at 7:00 a.m.

2

Based on my review of Gaines' medical records, and on my personal knowledge of the treatment provided to him, it is my opinion that all of his medical conditions and complaints have been evaluated and treated in a timely and appropriate fashion. Gaines has been seen and evaluated by the medical or nursing staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at Easterling Correctional Facility. At all times, myself and the other healthcare providers at Easterling have exercised the same degree of care, skill, and diligence as other similarly situated health care providers would have exercised under the same or similar circumstances. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate.

At no time have I or any of the medical or nursing staff at Easterling Correctional Facility denied Gaines any needed medical treatment, nor have we ever acted with deliberate indifference to any serious medical need of Gaines. At all times, Gaines' medical complaints and conditions have been addressed as promptly as possible under the circumstances."

Further affiant sayeth not.

_Shelley R. Smothers_
Shelley R. Smothers, L.P.N.

STATE OF ALABAMA  )
                  )
COUNTY OF Barbour )

Sworn to and subscribed before me on this the 4th day of January, 2005.

_Notary Public_

3

My Commission Expires:

__03|31|07.__