IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BARRETT LEON BAINES
#175280
            Plaintiff,

V.                                        2:05-CV-1124-F

SHELLEY SMOTHERS
et.al.       Defendants.

                RESPONSE

Comes now the Plaintiff, Barrett L. Baines, in response to Defendant Shelley Smother's Answer, and Special Report. Plaintiff would like to state the following:

            I. INTRODUCTION

Defendant Shelley Smother's attorney wishes to bogg Plaintiff down in legal citations in attempt to draw attention from the real matter at hand. That she did witness an injury to Baines face (lip) (See Affidavit of Shelley Smothers) She did not take any steps to see whether Baines denied medical treatment. Instead she accepted the supposedly words of Sgt. Bryant. The same officer Baines told her assaulted him with

another fellow Officer. (See Affidavits A & D). There has been on-going abuse by Officers here at Easterling, and PHS staff and nurses have been complicit in this abuse, by turning a blind-eye to such abuses, and failing to acknowledge inmates injuries.

II. Narrative of Facts

On November 1, 2005, Gaines did notify Nurse Smothers of his situation and injuries. (See Complaint Exhibits A-G). She did not deny medical treatment, only that she be present when he left his cell because he was denied because the same Officers who beat him was the same who was to escort him, and who also threatened to "fuck him up" if he said anything. Nurse Smothers refused to be present while Gaines was to be handcuffed and removed from his cell, even though he informed her he was scared.

-2-

Whenever a inmate refuses medical treatment, he must sign a "waiver form". Gaines did not refuse treatment nor did he tell Sgt. Bryant such. Nurse Smothers wrote in "Progress Notes" (See Discovery "Progress Notes") at 3:15 a.m details of the incident and notes that she observed a small abrasion inside Gaines inner lip. Yet when Gaines goes to the infirmary at 9:15 a.m (6) hours later, Nurse So.Bush observes no injuries, nor does she cites the reason for said body chart, although Gaines informed her that he had been beatened by Officers and pointed out the injuries to his face, and mouth which she failed to acknowledges. Micheal Braxell, Thomas Adams, Cedric Brooks, and Christopher Harris have all given sworn statements that they too observed similar injuries to Plaintiff's face and mouth (See Complaint Exhibits A-E). Defendant was deliberates indifferent through her complicity to cover-up, and turn a blind eyes to Gaines and other

-3-

inmates being abused and their injuries.

## Law and Argument

1. U.S. Supreme Law sets the precedent for all circuits including the 11th.

2. Plaintiff claim should not be dismissed unless it appears beyond a doubt that Plaintiff can prove no sets of facts in support of his claim which would entitle him to relief. Cruz v. Beto, 405 U.S. 319, 322 (1972).

3. Plaintiff being a Pro-se litigant should be held to less strict standards than a motion drafted by a lawyer. Conley v. Gibson, 355 U.S. 41, 45, 46 (1957).

4. Nurse Smothers and PHS staff are guilty of deliberate indifference because they ignored conditions that exposed Plaintiff to serious harm. Helling v. McKinney, 509 U.S. 25, 33 (1993).

5. Plaintiff was denied treatment for 16 hours, therefore Nurse Smothers was deliberate indifferent. Harris v. Coweta County 5.F.3d 507 (11th Cir. 1993).

6. Nurse Smothers and PHS staff turn a blind eye to Plaintiff's injuries and abuses. Therefore they too are complicit in such abuses. Farmer v. Brennan, 511 U.S. 825, 835 (1994).

7. Defendant is not entitled to Qualified Immunity.

8. Plaintiff has stated a claim to satisfy the Prisoner Reform Act, of cruel and unusual punishment, and excessive force. Hudson v. McMillian 503 U.S.1 (1992)

9. Plaintiff has pursued admin. remedies in the past to no avail.

10. Plaintiff is entitled to relief under 42 U.S.C. §1983

10. Defendant was complicit with DoC pattern of abuses, and policies. (See Exhibits F & G)

-5-

11. Tadoes Smothers is liable because she failed to protect Gaines from excessive force. Estelle v. Gamble, 429 U.S. 97

12. Plaintiff is entitled to Punitive Damages, and any other Relief. Estelle v. Gamble 429 U.S. 97

13. Tadoes Smothers knew that Officer Actions violated clearly established law. Harlow 457 U.S. 817-19.

## Conclusion

Plaintiff is entitled to Relief. Plaintiff is entitled to a Jury Trial upon the Disputed Facts. Plaintiff has stated a claim.

Respectfully Submitted
Barrell Gaines
BARRETT GAINES

-6-

Certificate of Service

I do hereby certify, I have mailed via U.S. mail, properly addressed and first class postage prepaid the foregoing document to the following:

Rushton, Stakely
Johnson & Barrett
P.O. Box 270
Montgomery, AL.
36101

Done this 17 day of January 2006.

_____
Barrett Gaines