IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARRETT LEON GAINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:05-CV-1124-F |
| | ) |
| GWENDOLYN MOSLEY, et al., | ) |
| | ) |
| Defendants. | ) |

## SPECIAL REPORT AND ANSWER

Come now the Defendants, **Gwendolyn Mosley, Carter Davenport, Robert Bryant, Darrell Bell, and Samuel Ferrell,** by and through the Attorney General for the State of Alabama, and file the following Special Report and Answer:

## ANSWER

In answer to Plaintiff's allegations, Defendants state as follows:

1. Defendants deny Plaintiff's allegations and demand strict proof thereof.

2. Defendants deny that any of the Plaintiff's constitutional rights have been violated.

3. Defendants assert the affirmative defenses of sovereign and qualified immunity.

4. Defendants deny each and every material allegation not expressly admitted herein and demand strict proof thereof.

# **SPECIAL REPORT**

In accordance with the Court's order, the Defendants submit the following written report:

## *PARTIES*

1. Garrett Leon Gaines (hereinafter "Gaines"), is in the custody of the Alabama Department of Corrections ("ADOC") and is incarcerated in the Easterling Correctional Facility in Clio, Alabama.

2. The Plaintiff has named the following Defendants:

   a.  Gwendolyn Mosley – Correctional Warden III;

   b.  Carter Davenport– Correctional Warden II;

   c.  Robert Bryant – Correctional Warden II;

   d.  Darrell Bell – Correctional Officer I;

   e.  Samuel Ferrell – Correctional Officer I; and

   f.  Shelley Smothers – Prison nurse.

## *EXHIBITS*

Defendants' submit the following exhibits:

1. Exhibit A – Affidavit of Darrell Bell

2. Exhibit B – Affidavit of Carter F. Davenport

3. Exhibit C – Affidavit of Robert Bryant

## *PLAINTIFF'S ALLEGATIONS*

Gaines brings this civil rights action under 42 U.S.C. § 1983, claiming that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. More specifically, Gaines contends that his constitutional rights were violated when Robert Bryant and Darrell Bell beat him; when Samuel Ferrell failed to stop Bryant and Bell from beating him; and when Nurse Shelley Smothers failed to report the beating to her supervisors.

## *ARGUMENT OF FACT AND LAW*

This Court should enter a summary judgment in favor of the Defendants on the grounds that: the Plaintiff's excessive force claim is meritless and the Defendants are protected by sovereign and qualified immunity. Furthermore, Gaines has failed to assert any claims against Gwendolyn Mosley and Carter Davenport and, as a result, these named defendants are due to be dismissed from Gaines's complaint.

### *Statement of Facts*

On October 31, 2005 at approximately 11:45 p.m., Darrell Bell approached Gaines's jail cell door. (Exhibit A, pg. 1) Gaines informed Bell that he was ready to take a shower. *Id.* Bell told Gaines that he could not shower at the time. *Id.* Gaines responded: "I hate your fucking ass! I am

going to kill your ass when I get out of prison. I am going to flood this tier on y'all niggas!" *Id.* Bell told Robert Bryant and Bryant instructed Bell to shut off the water to Gaines's jail cell. *Id.*

On November 1, 2005 at approximately 2:25 a.m., Gaines started to kick his cell door and asked to see a supervisor. (Exhibit A, pg. 2) Bryant instructed Bell and Samuel Ferrell to take Gaines to the "Segregation Office." *Id.* Gaines was verbally reprimanded and returned to his cell at approximately 2:40 a.m.. *Id.* At 2:50 a.m. (during Segregation "pill call"), Gaines told Nurse Shelley Smothers that Bryant and Bell had assaulted him. *Id.* Gaines refused to go to the health care unit at that time. (Exhibit B, pg. 2) When Gaines finally went to the health care unit and was examined, there was no evidence to suggest that Gaines had been physically assaulted by anyone at the prison. (Exhibit B-attachment; Exhibit C, pg. 2)

### *Plaintiff's claims of excessive force are without merit.*

Claims of excessive force against inmates are governed by the Eighth Amendment's proscription of cruel and unusual punishment. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). To establish an Eighth Amendment claim of excessive force, the Plaintiff must prove that "'**force was applied** ... maliciously and sadistically for the very purpose of causing harm.'" *Id., quoting* Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (emphasis added).

In this case, Gaines alleged in his complaint that Bryant and Bell handcuffed him and beat him. (Gaines's complaint, pg. 2) In his affidavit, Gaines elaborated on the alleged beating by Bryant and Bell. According to Gaines, "Sgt. Bryant just hauls off and slap me about (4) four times in the face and then Officer Bell punches me in the right side of my head in the temple and I fall down to the floor. Sgt. Bryant and Officer Bell continues to slap me in the face and in my mouth and Sgt. Bryant kicks me in the buttocks then he leans over and tells me I better take my bitch ass back to my cell and don't say shit."

Gaines has not produced any tangible evidence that he was beaten on the night of October 31, 2005 or during the morning of November 1, 2005.

On November 1, 2005, Gaines was taken for a medical examination, claiming: "my head is hurting." (Exhibit B-attachment) If Gaines had been slapped in the face four times, punched on the head, or kicked in the buttocks, there would have been bruising or other evidence of injury. Gaines's body chart showed no physical injury. (Exhibit B-attachment) Because Gaines has failed to produce evidence that Bell and Bryant "used force" against him, his claim is due to be dismissed.

### *This Court should enter a summary judgment for the Defendants because the Plaintiff's claims are not supported by sufficient evidence.*

Rule 56 of the Federal Rules of Civil Procedure, provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When the movant makes a properly supported motion for summary judgment, the nonmoving party must provide specific facts showing the existence of a genuine issue of material fact for trial. *See* Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The nonmoving party may oppose the motion with any of the types of evidentiary materials listed in Rule 56(c) of the Federal Rules of Civil Procedure, except for its pleadings. Celotex, 477 U.S.

at 324. The nonmoving party may not rest merely on its pleadings in opposing the motion. *See* F.R.Civ.P. 56(e); Celotex, 477 U.S. at 324. Summary judgment is properly entered when the party who will bear the burden of proof at trial fails "to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. at 322.

As stated previously, Gaines had a medical examination on November 1, 2005. Gaines's medical examination failed to produce any evidence that he had been beaten. Because Gaines has failed to produce evidence that Bryant or Bell beat him, Gaines's complaint is due to be DISMISSED.

### *Defendants Are Immune from Suit.*

To the extent that the defendants are sued in their official capacity, they are immune from liability. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but it also bars

suits against a state by that state's own citizenry. *See* Edelman v. Jordan, 415 U.S. 651, 663 (1974); Hans v. Louisiana, 134 U.S. 1, 13-15 (1890).

The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See* Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02, 104 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State. Thus, the Defendants are absolutely immune.

In addition, the Defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998), *quoting* Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Because the alleged acts of the Defendants consist of discretionary functions, and because the actions do not violate any clearly

established constitutional or statutory rights, the Defendants are protected by qualified immunity. Wilson v. Blankenship, 163 F. 3d 1284 (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also* Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). Because the defendants are immune from suit, summary judgment should be entered in favor of the Defendants.

### *Claims against Gwendolyn Mosely and Carter Davenport*

In his complaint, Gaines has failed to assert any claims against Gwendolyn Mosely or Carter Davenport. Gaines, apparently, has named these individuals as defendants because of their positions as wardens. It is well-settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *See* Belcher v. City of Foley, 30 F. 3d 1390, 1396 (11th Cir. 1994); Brown v. Crawford, 906 F. 2d 667, 671 (11th Cir. 1990); Zatler v. Wainwright, 802 F. 2d 397, 401 (11th Cir. 1986). Therefore, Gaines's claims against these named defendants are due to be DISMISSED.

## CONCLUSION

WHEREFORE, the above-cited facts and law considered, the Defendants move this Honorable Court to DISMISS the Plaintiff's complaint.

Respectfully Submitted,

Troy King (KIN047)
Attorney General


/s/ Bettie J. Carmack
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this the __1st__ day of March, 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Garrett Leon Gaines, AIS #: 173280**
**Easterling Correctional Facility**
**200 Wallace Drive**
**Clio, AL  36107**

/s/ Bettie J. Carmack
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433