

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GARRETT LEON GAINES, #173280    )
                                )
    Plaintiff,                  )
                                )
Vs.                             )   CIVIL ACTION NO.2:05-CV-1124-F
                                )
GWENDOLYN MOSLEY, et.al.,        )
                                )
    Defendants.                 )

### AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared <u>Carter F. Davenport</u>, who being known to me and being by me first duly sworn, deposes and says under oath as follows:

My name is <u>Carter F. Davenport</u> and I am presently employed as a <u>Correctional Warden II,</u> employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Drive, Clio, AL 36017. I am over twenty-one (21) years of age.

According to Sgt. Robert Bryant, who was the Shift Supervisor on October 31, 2005, he heard a loud banging noise coming from the Segregation Unit. He informed the Segregation Unit Officer to find out where the noise was coming from. The officer stated that inmate Gaines was kicking his cell door and wanted to see a supervisor, or he was going to flood this cell. Sgt. Bryant entered the Segregation unit and instructed both Segregation Officers to escort inmate Gaines to the Segregation Office, where he questioned inmate Gaines about his actions. Inmate Gaines stated that he did not get a shower on Second Shift. Sgt. Bryant informed inmate Gaines that he would look into his

Affidavit-Carter F. Davenport
Civil Action No.2:05-CV-1124-F
Page 2

complaint. Inmate Gaines was verbally reprimanded on his negative behavior by Sgt. Bryant.

Sgt. Bryant stated that during pill call, inmate Gaines stated to the pill call nurse that he wanted a body chart, due to the fact that he was assaulted by Sgt. Bryant and the Segregation Officers. Sgt. Bryant instructed both Segregation Officers to escort inmate Gaines to the Health Care Unit for a medical chart. Inmate Gaines refused to go to the Health Care Unit.

On November 1, 2005, inmate Gaines stated to First Shift Officers that he had been assaulted and needed a body chart. Inmate Gaines was escorted to the Health Care Unit, where a medical examination was conducted (Exb. #1). I have received no information to suggest that inmate Gaines had received unwarranted treatment by Sgt. Bryant or the Segregation Officers.

_____
Carter F. Davenport

SWORN TO AND SUBSCRIBED TO before me this the 31st day of January, 2006.

_____
NOTARY PUBLIC

My Commission Expires: 7-15-07



# EMERGENCY

| ADMISSION DATE 11/1/05 | TIME 815 AM | ORIGINATING FACILITY ECF ☐SIR ☐PDL ☐ESCAPEE | ☒SICK CALL ☐EMERGENCY ☒OUTPATIENT |
|---|---|---|---|

ALLERGIES: NKDA    Wt. 169

CONDITION ON ADMISSION: ☒GOOD ☐FAIR ☐POOR ☐SHOCK ☐HEMORRHAGE ☐COMA

VITAL SIGNS: TEMP 97.6 ORAL/RECTAL   RESP. 18   PULSE 80   B/P 140/90   RECHECK IF SYSTOLIC <100> 50

**NATURE OF INJURY OR ILLNESS**

DOC
"My head is hurting"

ABRASION /// | CONTUSION # | BURN xx/xx | FRACTURE Z/Z | LACERATION / ___ SUTURES

PROFILE RIGHT OR LEFT

**PHYSICAL EXAMINATION**

O- Blm A+Ox3 Resp c ease
Skin W/D c/o H/A c̄
injury noted to body
Skin intact NAD noted
Amb c̄ steady gait

A- Bodychart per DOC

P- See orders

**ORDERS / MEDICATIONS / IV FLUIDS**

Tylenol 500mg PO now 8a  SB
V/O Dr. Darbouze/SB

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

DISCHARGE DATE 11/1/05   TIME 820 AM   RELEASE/TRANSFERRED TO: ☒DOC ☐AMBULANCE   CONDITION ON DISCHARGE: ☒SATISFACTORY ☐POOR ☐FAIR ☐CRITICAL

NURSE'S SIGNATURE: S Bushph   DATE 11/1
PHYSICIAN'S SIGNATURE:   DATE 11/1
CONSULTATION:

INMATE NAME (LAST, FIRST, MIDDLE): Gaines Garrett
DOC#: 173280   DOB: 2/11/77   R/S: Blm   FAC: ECF