IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 MAR -7 A 9:54

BARLEY BAINES #173289
Plaintiff,

V.

Civil Action No: 2:05-CV-1124-F

GWENDOLYN MOSLEY,
et. al.,
Defendants,

## Response to Special Report

Comes now, Barley Baines, the Plaintiff in the above style, stating the following:

### Statement of Facts

On October 31, 2005, Baines was taken out of his cell after a verbal altercation with COI Bell, and Sgt. Byrano (See Plaintiff's Exhibit A-F Affidavits). Who was then slapped and beaten by these two officers, while COI Ferrell stood by and watched. Id. He was then taken back to his cell without medical treatment. Id. Where Ron he then informed the Nurse, Ms. Smothers, who did note an abrasion in his mouth, but

denied causing any other injuries because he was in his cell. (See Nurses Crothers Exhibit A)

These same officers who abused Gaines attempted to come and get him from his cell again and he refused unless the nurse was present. (See Plaintiff's Exhibit A)

This same officer on December 31, 2005, turned around a CERT inmate Ricky Davis # 173073, who was subsequently given a lie detector test due to the insistance of family members, and passed with flying colors. On January 25, 2006, Sgt. Bryant was reassigned because he refused to take the lie detector test. (See attached Exhibit H).

<u>Plaintiff's claims are meritless</u>

Gaines have at least (4) witnesses who testified by way of affidavits that his face was swollen and he was bleeding from the mouth. This coincides with the abrasion

(2)

Moses Smothers noted in his mouth from the testimony of other inmates, force was used on Gaines maliciously, and with the intention to cause harm. Hudson v. McMillian 503 U.S. 1 (1992) Irregardless of what the defendants "claim" Gaines said to COI Bell, he presented no threat while in restraints, therefore faith was not applied in good faith effort to maintain order.

<u>Claim should not be dismissed</u>

Gaines have presented witnesses testimony to show that is a case for disputed facts and relief and his claim should not be dismissed. Cruz v. Beto, 405 U.S. 319, 322 (1972) Nor should he be held to strict standards as a lawyer would be. Conley v. Gibson 355 U.S. 41, 45-46 (1957) Therefore defendants are not entitled to summary judgement. Although this is a separate issue, how is it Plaintiff can present evidence when defendants Warden Mosely, and Asst. Warden Davenport are allowing C/S Hulett to tamper with

(3)

and shared interrogatory motions seeking testimonial evidence? Plaintiff have filed numerous motions to this court seeking evidence, to the defendants that miraculously disappeared, but he has copies of as evidence that they were sent out.

## Defendants are not Immune

Defendants are liable because they violated a clearly established law. Harlow 457 U.S. 817-19

## Claims against Gwendolyn Mosely and Carter Davenport

Claim against Wardens Gwendolyn Mosely and Carter Davenport should not be dismissed. They have allowed and sanctioned their subordinates to abuse inmates in S-Dorm segregation with impunity. Farmer v. Brennan 511 U.S. 825, 835 (1994)

Gaines and at least (4) other inmates have been subjected to abuses by officers and reported it to both wardens, who only showed indifference to such claims.

(4)

<u>Helling v. Mckinney</u>, 509 U.S 25, 33 (1993).

### Damages

Plaintiff is entitled to Punitive Damages and any other relief because force was applied maliciously. <u>Estelle v. Gamble</u> 429 U.S. 97

### Conclusion

Being that their are disputed facts, Plaintiff is entitled to a Jury trial and his claim should not be Dismissed.

Respectfully,

_Garrett Baines_
GARRETT BAINES

(5)

## Certificate of Service

I hereby certify that I have this the 3rd day of March, 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, Postage Prepaid Properly addressed as follows:

Bettie J. Carmack
Office of Attorney General
11 South Union Street
Montgomery, Al. 36130

_____
Garrett Gaines