IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARRETT LEON GAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05-CV-1124-MEF |
| ) | (WO - Do Not Publish) |
| SGT. BRYANT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendants' Motion to Dismiss and Motion to Impose Sanctions Against the Plaintiff (Doc. # 37). In support of the motion for sanctions pursuant to Federal Rule of Civil Procedure 37(d), Defendants assert that on January 23, 2008 the Court granted their request for leave to depose Plaintiff and further directed Plaintiff to submit to a deposition scheduled for February 12, 2008, at 1:30 p.m. at Tuscaloosa Court Reporting in Tuscaloosa, Alabama.[1]  *See* Doc. # 35.  Plaintiff failed to appear for the scheduled deposition and failed to inform defense counsel that he would not appear.[2] Plaintiff's failure to appear for the scheduled deposition caused counsel to incur costs totaling $914.18 on behalf of her clients' liability carrier.  In support of the motion to dismiss

---

[1] On December 26, 2007 the court denied Defendants Bryant, Bell, and Ferrell's motion for summary judgment on Plaintiff's claim of excessive force.  On January 7, 2008 the court entered a scheduling order setting the case for trial in July 2008.

[2] Since filing this complaint, Plaintiff has been released from custody.

pursuant to Federal Rule of Civil Procedure 41(b), Defendants assert that Plaintiff's conduct as described herein constitutes a failure to prosecute this case and a failure to comply with the orders of the Court.

On February 22, 2008, the Court entered an Order (Doc. # 38) directing Plaintiff to show cause by March 6, 2008, why Defendants' motion to dismiss and motion for sanctions should not be granted. The time to respond to the court's February 22 order has expired, and Plaintiff has filed nothing in response. Accordingly, the Court concludes that Defendants' motions are due to be GRANTED for the reasons that follow.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 37(b), "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just," including: (1) an order designating certain facts as established; (2) an order refusing to allow the disobedient party from supporting or opposing claims or defenses; (3) an order striking pleadings or portions of pleadings, staying proceedings until the order is obeyed, or rendering a default against the disobedient party; (4) an order finding the disobedient party in contempt of court; and/or (5) an order awarding expenses unless the failure to obey was substantially justified or other circumstances exist which make an award of expenses unjust. *See* Fed. R. Civ. P. 37(b)(2). Under Federal Rule of Civil Procedure 41(b), a defendant may request dismissal for a plaintiff's failure to prosecute, to comply with the Federal Rules of Civil Procedure, or to comply with any order

2

of the Court.

In the instant case, Plaintiff disregarded a Court order when he failed to appear at his deposition as noticed. He was cautioned that his failure to comply with the Court's directive that he submit to an oral deposition by written transcription could result in dismissal of this case or other penalties. *See* Doc. # 35. Plaintiff's failure to appear at the scheduled deposition constitutes an intentional and conscious disregard of his responsibility to the discovery process. The record is devoid of any justifiable or credible excuse for Plaintiff's failure to comply with the order that he appear at his properly noticed deposition.[3] Despite being given an opportunity to show cause why Defendants' request for sanctions and dismissal of this action should not be granted, Plaintiff has filed nothing in response.

"[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure . . . *Pro se* litigant[s] [who] ignore[] a discovery order . . . [are] subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming dismissal of an action brought by plaintiff, proceeding *pro se* and *in forma pauperis*, for failure to comply with court order). Here, Plaintiff has exhibited a lack of respect for this Court and its authority by failing to comply with the orders of the Court within the time allowed despite being warned of the consequences of such conduct. Plaintiff has provided no explanation for his conduct nor has

---

[3] There is no indication before the court that Plaintiff has not received Orders or other rulings issued by this Court since his release from prison.

he provided any reason why the requested sanctions should not be imposed. Accordingly, the Court finds dismissal of this action is appropriate. *See Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir. 1993) (citing *National Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639 (1976)) (dismissal appropriate when a plaintiff's disregard of court orders is due to "willfulness, bad faith, or fault."). Further, Plaintiff's unexcused failure to appear at his deposition caused defense counsel to expend unnecessary time as well as incur unnecessary expenses on behalf of her clients. Plaintiff should bear these costs. *See* Fed. R. Civ. P. 37(b).

## CONCLUSION

In light of the foregoing, it is hereby ORDERED as follows:

1. The Motion to Dismiss and Motion to Impose Sanctions Against the Plaintiff (Doc. # 37) is GRANTED.

2. Plaintiff's claims are DISMISSED WITH PREJUDICE for want of prosecution.

3. Plaintiff shall pay a sanction of $914.18 to Defendants.

4. The June 5, 2008 pretrial and the July 14, 2008 trial are CANCELLED.

5. The Court will enter a final judgment consistent with this Memorandum Opinion and Order.

Done this the 13th day of March 2008.

                                        /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE